```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                    CASE NO. 15-21257-Civ-GAYLES
                    MAGISTRATE JUDGE P.A. WHITE
```

RANDY ALLEN HART,

    Plaintiff,

v.

ROYCE MARLOW, et al.,

    Defendants.
_____/

<u>REPORT OF MAGISTRATE JUDGE RE AMENDED COMPLAINT
TO DISMISS FOR FAILURE TO COMPLY WITH
COURT ORDERS AND FOR FAILURE TO STATE A CLAIM</u>

    I.   <u>Introduction/Background Information</u>

Plaintiff, who is confined at the Martin Correctional Institution, has filed this *pro se* civil rights action pursuant to 42 U.S.C. §1983. Plaintiff has previously been granted leave to proceed *in forma pauperis,* with a debt being established for the Clerk's $350.00 filing fee. (DE#17).

The case has been referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive motions. <u>See</u> 28 U.S.C. §636(b)(1)(B), (C); <u>Fed.R.Civ.P.</u> 72(b), S.D.Fla. Local Rule 1(f) governing Magistrate Judges, and S.D. Fla. Admin. Order 2003-19.

Currently before the undersigned is the plaintiff's final amended complaint (DE#22), which is the sole operative pleading in this case. After plaintiff filed his final amended complaint (DE#22), he submitted yet another amended complaint without leave of court (DE#27). Since the amended complaint, filed on June 8,

2015, was filed without prior court authorization, the complaint shall be stricken (DE#27).[1]

## II. Discussion

### A. Dismissal re Failure to Comply with Court Orders

Careful review of the record reveals that the initial complaint (DE#1), as filed, was deficient and subject to dismissal. As a result, plaintiff was ordered to file an amended complaint. (DE#10). The initial complaint sued Royce Marlow, the Assistant Warden at Martin Correctional Institution. (DE#1). The complaint was on the proper form; however, plaintiff simply alleged that Warden Marlow hindered his access to courts without providing any facts to support his entirely conclusory allegation. (Id.).

In response to the court's order, petitioner filed an Amended Complaint, again naming Assistant Warden Marlow and adding Classification Officer Anthony Scott as a defendant. (DE#14). While the complaint was filed on the proper form, the complaint solely alleged that Marlow and Scott violated plaintiff's constitutional rights. (Id.). Plaintiff failed to state how, when, and where Marlow and Scott violated his constitutional rights. (Id.). Essentially, plaintiff's complaint consisted, once again, of a bare conclusory allegation. As such, he was given a final opportunity to cure his deficiencies by filing a final operative amended complaint on the proper form. (DE#18). Plaintiff was advised by this court in each of its orders that failure to comply with the court's instructions and orders as entered would result in dismissal of this action. (DE#10,18).

---

[1] Plaintiff's amended complaint, filed on June 8, 2015, without prior court authorization, is also woefully deficient. (DE#27).

On June 1, 2015, in response to the court's order, petitioner filed yet another amended complaint which was also wholly deficient. (DE#22). Plaintiff named as defendants Assistant Warden Marlow, Classification Officer Anthony Scott, Sergeant Ryan Reynolds, and Classification Officer Mandola. Seven days later, on June 8, 2015, without prior court authorization, plaintiff filed yet another amended complaint, which is just as deficient as his prior filings. (DE#27). Since the complaint was filed without prior court authorization, it shall be stricken.

Despite this court's numerous instructions to Plaintiff, careful review of the Amended Complaint (DE#22), which is the sole operative pleading in this case, reveals that Plaintiff has knowingly ignored the court's multiple orders instructing him on the filing requirements for his final amended complaint. It is well settled that a plaintiff's status a *pro se* litigant does not preclude him from complying with the Federal Rules of Civil Procedure, and properly amending his complaint. Forde v. Miami Fed'l Dep't of Corr's, 2014 WL 4116817, 2 (11th Cir. 2014)(citing Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir.2007)).

The Undersigned explained the deficiencies and ordered plaintiff to file a Final Amended Complaint. The Plaintiff was specifically cautioned that failure to file the final amended complaint as ordered would result in dismissal of the case. The Plaintiff has ignored the court's orders. Because the plaintiff's previously filed amended complaints are similar to his original complaint, it is evident he continues to ignore this court's prior orders to file an amended pleading in compliance with federal standards. He has yet to comply with the courts orders that he do so, and therefore the court has the power to dismiss this case. Fed.R.Civ.P. 41(b); Gratton v. Great American Commc'ns, 178 F.3d

3

1373, 1374 (11th Cir. 1999). Where, as here, plaintiff has disregarded court orders, and given that he has been forewarned that this action may be dismissed if he failed to file a final, proper, amended complaint, dismissal is proper under Rule 41(b). See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). It is therefore recommended that this court dismiss this case pursuant to Rule 41(b).

### B.  Dismissal re Failure to State a Claim

Alternatively, even if it were not subject to dismissal for non-compliance, it is subject to dismissal for failure to state a claim upon which relief can be granted. While pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)(*per curiam*), the Court may review plaintiff's complaint and dismiss the complaint, or any part thereof, if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. See 28 U.S.C. §1915A.

### i. Standard of Review

Pursuant to 28 U.S.C. §1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the

complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004); Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998); Haines v. Kerner, 404 U.S. 519 (1972).

In order to state a claim for relief under §1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy

these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282–84 (11th Cir. 2003) (affirming the district court's dismissal of a §1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation); see also 28 U.S.C. §1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

### ii. Claims Against Assistant Warden Marlow, Sergeant Reynolds and Classiciation Officers Scott and Mandola

In his final amended complaint, the plaintiff lists as Defendants, Assistant Warden Marlow, Sergeant Reynolds, and Classification Officers Scott and Mandola. (DE#22). In his statement of claims, he directs the court to refer to his prior amended complaints (DE#14,16), where he alleges that the Defendants violated his civil rights. Plaintiff's allegation are entirely conclusive, devoid of any factual support. (Id.). Plaintiff does not identify when, where, or how his rights were violated. He does not state any facts, and the claims as worded are wholly conclusory and subject to summary dismissal.

As drafted, the final amended complaint (DE#22) fails to allege sufficient facts upon which relief can be granted. As previously noted, plaintiff provides no factual support for his conclusory allegations that Defendants violated his constitutional rights. Thus, the final amended is subject to §1915 dismissal.

### III. Conclusion

It is therefore recommended that the plaintiff's final amended

complaint (DE#22) be dismissed for failure to comply with this court's orders; and, alternatively, be dismissed pursuant to §1915, for failure to state a claim upon which relief can be granted. It is further recommended that plaintiff's amended complaint (DE#27) be stricken, where it was filed without prior court authorization.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. See 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790,794 (1989); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

Signed this 31st day of July, 2015.

                                                UNITED STATES MAGISTRATE JUDGE

cc:  Randy Allen Hart, Pro Se
     Inmate #075432
     Martin Correctional Institution
     1150 SW Allapattah Road
     Indiantown, FL 34956