UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No: 15-21257-CIV-GAYLES/WHITE

**RANDY ALLEN HART**,

    Plaintiff,

vs.

**ROYCE MARLOW,** *et al.*,

    Defendants.
_____/

## ORDER ADOPTING REPORT OF MAGISTRATE JUDGE

**THIS MATTER** came before the Court on Magistrate Judge Patrick A. White's Report of Magistrate Judge ("Report") [ECF No. 31], entered on July 31, 2015. Plaintiff Randy Allen Hart filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on April 1, 2015. [ECF No. 1]. The matter was referred to Judge White, pursuant to 28 U.S.C. § 636(b)(1)(B) and Administrative Order 2003-19 of this Court, for a ruling on all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters [ECF No. 3]. Judge White's Report recommends (1) that Plaintiff's Final Amended Complaint [ECF No. 22] be dismissed and (2) that Plaintiff's Amended Complaint [ECF No. 27] be stricken. Plaintiff has timely filed objections to the Report. [ECF No. 32]. Plaintiff's objections center around his claim that he needs court-appointed counsel because he is incompetent to proceed and incapable of adequately presenting his case given his history of mental illness. [*Id.* at 2–3].

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). The Court has made a *de novo* review of the record, including the Report, Plaintiff's Objections, and the relevant legal authority, and hereby overrules Plaintiff's objections.

Procedural History

Plaintiff is confined at the Martin Correctional Institution, where he is serving a sentence pursuant to a Florida conviction. After Plaintiff filed his initial Complaint on April 1, 2015, Judge White issued an Order for Amended Pleadings together with instructions for proceeding as a *pro se* litigant on April 23, 2015. [ECF Nos. 8 & 10]. After that Order, Plaintiff filed three letters with the Court. [ECF Nos. 11–13]. Plaintiff filed an Amended Complaint on May 5, 2015 [ECF No. 14], and a Supplement to the Amended Complaint on May 7, 2015 [ECF No. 16]. On May 11, 2015, the Court found the Amended Complaint subject to dismissal and issued a Second Order Requiring Final Amended Complaint. [ECF No. 18]. In his Order, Judge White reminded Plaintiff of the proper procedures and instructions for filing a Final Amended Complaint, which "shall be the sole, operative complaint and should not incorporate by reference any prior filed complaints as they will not be considered by the court." [*Id.* at ¶¶ 1–4]. Judge White set a deadline of June 11, 2015, for Plaintiff to file his Final Amended Complaint. [*Id.* at ¶ 1]. On May 15, 2015, Plaintiff filed a letter with the Court, and on May 21, 2015, Plaintiff filed an "Amended Complaint Continuance." [ECF Nos. 19 & 21].

Plaintiff filed a subsequent Amended Complaint (the operative "Final Amended Complaint") on June 1, 2015, within the deadline previously set by Judge White, and then filed two Supplements to the Amended Complaint on June 4, 2015, also within the deadline. [ECF Nos. 22–24]. In the "Relief Requested" section of the Final Amended Complaint, Plaintiff referenced his previous filings under ECF Nos. 14 and 16 [ECF No. 22 at 5], in violation of the express instructions of Judge White's Second Order Requiring Final Amended Complaint, as outlined above. [ECF No. 18]. On June 5, 2015, Plaintiff filed a Notice[1] with the Court in which he alleges that Defendants

---

[1] The clerk docketed this filing as a "Notice/Letter." As with many of Plaintiff's filings with the court, Plaintiff's intentions by this filing are unclear, but Plaintiff does articulate blanket violations by Defendants of his constitutional rights.

"showed total reckless disregard for plaintiff's safety [and] rights with malicious intent and convicted the plaintiff to (30) days disciplinary confinement," in violation of his First, Eighth, and Fourteenth Amendment rights under the Constitution. [ECF No. 25 at 2–3]. On June 8, 2015, Plaintiff filed a "Response to Order to Show Cause,"[2] in which for the first time Plaintiff makes a claim regarding a writ of habeas corpus.[3] [ECF No. 26 at 1]. On June 8, 2015, Plaintiff also filed what appears to be an additional Final Amended Complaint. [ECF No. 27].

Plaintiff's Final Amended Complaint

In accordance with his May 11, 2015, Second Order Requiring Final Amended Complaint, Judge White reviewed Plaintiff's Final Amended Complaint from June 1, 2015 [ECF No. 22], which Judge White found to be the sole operative pleading in this case. [ECF No. 31 at 1]. Because the Court had not given prior authorization for Plaintiff to file an additional Amended Complaint, Judge White deemed the "Final Amended Complaint" from June 8, 2015 [ECF No. 27] to be stricken.[4] [ECF No. 31 at 2–3]. The Report concludes that Plaintiff's pleadings consist of nothing more than a "bare conclusory allegation," despite multiple opportunities given to Plaintiff to comply with the Court's instructions and orders for filing a proper cause of action. [*Id.* at 2]. As outlined above in this Order, Plaintiff has presented many filings in this case, including a number of unsuccessful attempts at filing a legally adequate amended complaint. In his Report, Judge White notes that "the plaintiff's previously filed amended complaints are similar to his original complaint, [so] it is evident he continues to ignore this court's prior orders to file an amended pleading in

---

[2] No Order to Show Cause is found in the docket.
[3] Plaintiff makes a claim that he is "actually innocent" and directs the Court to review his arrest report and the victim statement. [ECF No. 26 at 2]. Plaintiff seeks release from the Florida Department of Corrections. [*Id.*]. Where a petitioner seeks immediate release, rather than monetary damages, the proper action is an application for a writ of habeas corpus under 28 U.S.C. § 2254, not a Section 1983 claim. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Heck v Humphrey*, 512 U.S. 477, 481 (1994) (noting that certain claims by state prisoners who seek release "must be brought in habeas corpus proceedings, which [ ] contain an exhaustion requirement"). Plaintiff here is seeking monetary relief for alleged civil rights violations [ECF No. 14 at 3] and has not presented a proper petition for writ of habeas corpus that demonstrates compliance with the exhaustion requirements of 28 U.S.C. § 2254.
[4] Even if the second Final Amended Complaint were not to be stricken, Judge White properly noted that the pleading is deficient under the same analysis of the first Final Amended Complaint in the Report. [ECF No. 31 at 2 n.1].

compliance with the federal standards." [*Id.* at 3].

Plaintiff's pleadings fail to comport with the requirements of the Federal Rules. While the Court gives "liberal construction" to the pleadings of *pro se* litigants, they are still required to conform to the Federal Rules of Civil Procedure. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). Rule 41(b) gives the Court the power to dismiss a case in which the plaintiff "fails . . . to comply with these rules or a court order." *See Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999) ("Dismissal under Rule 41(b) is appropriate where there is a clear record of 'willful' contempt and an implicit or explicit finding that lesser sanctions would not suffice."). Plaintiff has failed to comply with Judge White's previous orders regarding the filing of an adequate pleading in this case. Accordingly, Judge White properly concluded that this Court should dismiss the case pursuant to Rule 41(b). [ECF No. 31 at 4].

Judge White also found that Plaintiff's allegations in his Final Amended Complaint and cross-referenced previous court filings "are entirely conclusive, devoid of any factual support." [ECF No. 31 at 6]. Under 28 U.S.C. § 1915A, the Court must screen civil actions brought by prisoners against government entities or officers and dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." § 1915A(a)–(b). A complaint fails to state a claim when it lacks sufficient factual matter regarding the grounds and fails to "raise a right to relief above the speculative level." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). "Section 1983 provides judicial remedies to a claimant who can prove that a person acting under color of state law committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). Here, as Plaintiff provides no factual information regarding when, where, or

4

how his civil rights were violated by Defendants, Judge White properly concluded that Plaintiff has failed to state a cognizable claim for relief under Section 1983. [ECF No. 31 at 6]. Therefore, this case is also subject to dismissal as insufficiently alleged.

<u>Plaintiff's Request for Appointment of Counsel</u>

Plaintiff's Objections to the Report center around Plaintiff's request that this Court provide him with appointed counsel to proceed in his claim.[5] [ECF No. 32 at 2]. The Court notes that on May 15, 2015, Plaintiff previously filed a Motion to Appoint Counsel. [ECF No. 20]. In support of his motion, Plaintiff attached an order from March 4, 2010, in which the Circuit Court for Polk County, Florida, adjudicated Plaintiff incompetent to proceed in that case. [*Id.*]. On June 15, 2015, Judge White denied without prejudice Plaintiff's Motion to Appoint Counsel, finding "that no compelling circumstances require the extraordinary procedure of seeking counsel for the plaintiff." [ECF No. 28 at 2].[6]

Here, Plaintiff claims that he is "not adequately capable of presenting his case" and that he "needs the assistance of a trained practitioner" due to his "history of mental illness. [ECF No. 32 at 2–3]. As Plaintiff notes in his own Objections [*id.*], Judge White previously addressed these matters in his Order Denying Motion for Appointment of Counsel. [ECF No. 28]. The appointment of counsel in a civil matter is warranted "only by exceptional circumstances." *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992) (citations omitted). For the same reasons articulated above regarding Plaintiff's failure to state a claim upon which relief can be granted, Plaintiff has failed to articulate any "exceptional circumstances" in the facts or law of this case that merit the appointment of counsel at this time. Therefore, Plaintiff's objections, which renew his request for appointment of

---

[5] Plaintiff also alleges in his Objections that Defendants have placed him in A/C Confinement for 23 days without explanation, in violation of the agency's own rules. [ECF No. 32 at 3–4].

[6] Plaintiff then responded with a Notice to the Court on June 26, 2015, to which Plaintiff attached several materials, including two Inmate Sick-Call Request forms, which contain what appear to be routine requests for medical care. [ECF No. 29].

counsel, are overruled. Accordingly, it is

**ORDERED and ADJUDGED** that Plaintiff's objections [ECF No. 32] are **OVERRULED** and that Judge White's Report and Recommendation [ECF No. 31] is **AFFIRMED and ADOPTED** as follows:

1. Plaintiff's Final Amended Complaint **[ECF No. 22]** is **DISMISSED with prejudice** for failure to comply with this Court's orders; alternatively, Plaintiff's Final Amended Complaint **[ECF No. 22]** is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted.

2. Plaintiff's Amended Complaint **[ECF No. 27]** is **STRICKEN** for failure to obtain prior court authorization prior to filing.

3. The Clerk of Court is directed to **CLOSE** this case, and all pending motions, if any, are **DENIED as moot**.

**DONE and ORDERED** in Chambers, at Miami, Florida, this 31st day of August, 2015.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:    Magistrate Judge White
       Counsel of Record